**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| GLORIA RIGHTSELL Personal Representative of the Estate of Glenn Rightsell, and GLENN RIGHTSELL Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>INDIANA STATE POLICE,<br>DANIEL ORGAN Trooper, in his Individual and Official Capacity,<br>MONTGOMERY COUNTY SHERIFF'S DEPARTMENT,<br>MIKE TAYLOR Deputy, in his Individual and Official Capacity,<br>AUSTIN THOMEN Deputy, in his Individual and Official Capacity,<br>CITY OF CRAWFORDSVILLE,<br>RICK FERRIN Officer, in his Individual and Official Capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cv-04927-TWP-DML<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY GRANTING PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AND DENYING
DEFENDANTS' PARTIAL MOTION TO DISMISS AS MOOT**

This matter is before the Court on a Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants Indiana State Police ("ISP") and Daniel Organ ("Trooper Organ") (collectively, the "State Defendants") (Filing No. 32). Also pending is a Motion for Leave to File a Second Amended Complaint filed by Plaintiffs Gloria Rightsell, as the Personal Representative of the Estate of Glenn Rightsell ("the Estate"), and Glenn Rightsell, Deceased ("Mr. Rightsell") (Filing No. 64). For the following reasons, the Court **grants** the Estate leave to file the Amended Complaint and, consequently, **denies** as moot the State Defendants' Motion.

## I. BACKGROUND

On December 28, 2018, Trooper Organ, an officer with ISP, shot and killed Mr. Rightsell ([Filing No. 5](#)). In the first Amended Complaint, filed on December 16, 2019, the Estate asserted constitutional claims and a negligence claim against, among others, the State Defendants ([Filing No. 5](#)). On February 10, 2020, the State Defendants' Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ([Filing No. 32](#)), was filed. The Estate filed a response on March 30, 2020, ([Filing No. 49](#)), and the motion became ripe for ruling when the State Defendants filed their reply on April 7, 2020, ([Filing No. 50-1](#)).

Simultaneously, on March 23, 2020, the Estate requested from ISP, through discovery, the policies, procedures, and manuals governing Trooper Organ at the time of the shooting and records of citizen complaints about Trooper Organ, ([Filing No. 64 at 1](#)–2). After ISP responded in early June, the Estate requested supplemental discovery after finding this initial reply deficient. *Id.* at 2. ISP subsequently responded on July 22, 2020 with all requested discovery. This included "ISP's official standard operating procedures" and "Documentation of citizens' complaints against Trooper Daniel Organ, including audio recordings, witness statements, and internal records related to said complaints." *Id.* While awaiting this response, the Estate deposed numerous individuals tied to the case. *Id.* at 2–3. After reviewing this discovery and deposition testimony, the Estate moved on September 22, 2020 for leave to file a Second Amended Complaint, which would, among other things, drop ISP as a defendant and add as defendants in their individual capacities ISP Superintendent Douglas Carter, ("Supt. Carter"), ISP Lieutenant Thomas W. McKee ("Lt. McKee"), and ISP Sergeant Randy L. Gritten ("Sgt. Gritten"). ([Filing No. 64](#).) The State Defendants, in turn, responded in opposition. ([Filing No. 65](#).)

## II.     DISCUSSION

In this Entry, the Court will address the two pending motions.

### A.     The Estate's Motion for Leave to File Second Amended Complaint

By the time The Estate moved for leave to file a Second Amended Complaint on September 22, 2020, (Filing No. 64), the deadline to move for leave to amend pleadings, as set by the Case Management Plan, had passed months earlier on May 18, 2020. (Filing No. 47 at 5.) "[W]hen a motion for leave to amend is filed after the deadline for amending the pleadings has elapsed, the generous standard in Rule 15(a)(2) for allowing amendments 'is in some tension with' Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). When determining whether a party has shown good cause to amend its pleadings outside of the sanctioned window, "the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720 (citing *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)).

The Estate has demonstrated the requisite diligence required to overcome the deadline set by the Case Management Plan. The Estate maintains that it only "discovered evidence supporting a § 1983 claim against Trooper Daniel Organ's supervisors and ISP's policy maker(s)"—that is, Supt. Carter, Lt. McKee, and Sgt. Gritten—after receiving in late July "ISP's supplemental discovery response and upon obtaining sworn testimony" from various depositions. (Filing No. 64 at 3.) Only because of the State Defendants' dilatory response time, the Estate argues, did it miss the deadline to amend: "Prior to the State Defendants' eventual compliance with Plaintiff's discovery requests, Plaintiff had insufficient knowledge to state a plausible claim against Trooper

3

Organ's supervisors for their failure to supervise/train." (Filing No. 68 at 4.) In response, the State Defendants argue that the Estate, in this request, merely brushes the "same complaint with a new coat of paint." (Filing No. 65 at 5.) The State Defendants contend the Estate "has long taken issue with" ISP's policies, and they argue, the Estate "can hardly rely on receiving any additional information on the policies and training of the Indiana State Police through discovery to support a claim of diligence – such evidence supports a longstanding theory, not newly discovered claims." *Id*. at 6.

But this argument misses a key point: the Estate contends that "[u]pon receiving the new evidence," it "discovered specific instances of unconstitutional misconduct supporting a failure to supervise claim against Trooper Daniel Organ's supervisors." (Filing No. 68 at 4.) Contrary to the State Defendants' claim that the proposed amendment would prove "futile", (Filing No. 65 at 9–11), the Estate contends these "specific instances" of misconduct found through discovery support its claims against the ISP officials in their individual capacities, distinct from the already-averred broad claims lodged against the ISP (*see* Filing No. 68 at 4 ("To be clear, Plaintiff's failure to supervise and train allegations are distinct from her *Monell*-based claims stated in her First Amended Complaint.")). Though "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions," a superior may be held liable for "'deliberate, reckless indifference' to the misconduct of subordinates." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Here, the Estate argues the new claims purport that the ISP superiors "were on notice of Trooper Organ's [prior] unconstitutional misconduct, and that the supervisors' failure to properly train and/or supervise Trooper Organ was the moving force that caused [Mr.] Rightsell's constitutional deprivations." (Filing No. 68 at 3.) This, at least in this initial cursory review, tracks the requirement that a supervisor in a § 1983

4

claim "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Chavez*, 251 F.3d at 651.

Because the Estate has demonstrated good cause to allow it to amend this pleading, and the State Defendants will not be prejudiced, the Court **grants** the Estate's Motion for Leave to File a Second Amended Complaint, (Filing No. 64).

### B. The State Defendants' Partial Motion to Dismiss

Because the Court grants the Estate's Motion for Leave to File a Second Amended Complaint, it must **deny as moot** the State Defendants' Partial Motion to Dismiss, (Filing No. 32). *See Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-C-015-C, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss.")  To the extent that the Estate continues to advance claims discussed in that now-obsolete Motion, the Court will consider those and any additional arguments in any subsequently filed Motion to Dismiss. *See id.* ("Defendants are free to file a new motion in light of the amended complaint should they continue to believe that plaintiff's claims would not survive a challenge under Fed. R. Civ. P 12(b)(6).").

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS** The Estate's Motion for Leave to File a Second Amended Complaint, (Filing No. 64), and **DENIES as moot** the State Defendants' Partial Motion to Dismiss (Filing No. 32).  The Second Amended Complaint at Filing No. 64-1 is now the operative complaint in this case.  Parties are reminded that the dispositive motions deadline remains **February 17, 2021**.

**SO ORDERED.**

5

Date: 10/28/2020

*Tanya Walton Pratt*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher G. Stevenson
WILSON KEHOE & WININGHAM
cstevenson@wkw.com

D. Bruce Kehoe
WILSON KEHOE & WININGHAM
kehoe@wkw.com

Darren Craig Chadd
TAYLOR, CHADD, MINNETTE,
SCHNEIDER & CLUTTER, P.C.
dchadd@tcmsclaw.com

J. Kent Minnette
TAYLOR, CHADD, MINNETTE,
SCHNEIDER & CLUTTER, P.C.
kminnette@tcmsclaw.com

Daniel Lyn Taylor
TAYLOR CHADD MINNETTE
SCHEIDER & CLUTTER PC
dtaylor@tcmsclaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Tyler M. Nichols
KIRTLEY, TAYLOR, SIMS, CHADD &
MINNETTE, PC (Crawfordsville)
tnichols@tcmsclaw.com

Liberty L. Roberts
CHURCH HITTLE & ANTRIM
(Noblesville)
lroberts@cchalaw.com